UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TROY B GUIDRY | CASE NO.  6:22-CV-06162 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| H U D CHURCH POINT HOUSING AUTHORITY ET AL | MAGISTRATE JUDGE DAVID J. AYO |

## REPORT AND RECOMMENDATION

Before this Court are the following motions:

- a MOTION TO DISMISS pursuant to Federal Rules of Civil Procedure 12(b)(1), (4), (5) and (6) filed by defendant Rayne State Bank.  (Rec. Doc. 7);

- a MOTION TO DISMISS pursuant to Federal Rules of Civil Procedure 12(b)(1), (4), (5), (6), 12(e), 20(a)(2) and 21 filed by defendant Housing Authority of the Town of Church Point.  (Rec. Doc. 11); and

- a MOTION TO DISMISS pursuant to Federal Rules of Civil Procedure 12(b)(1), (4), (5) and (6) filed by defendant Church Point Police Department.  (Rec. Doc. 14).

Plaintiff opposes these motions.  (Rec. Docs. 10, 13, 16, 18). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Rayne State Bank's motion be GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(1) and the motions to dismiss filed by the Housing Authority of the Town of Church Point and Church Point Police Department be GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(6).

## Factual Background

Plaintiff, Troy B. Guidry ("Plaintiff"), filed the instant suit on December 9, 2022. (Rec. Doc. 1).  Plaintiff's Complaint was filed via a *pro se* complaint form.  (*Id.*).  Guidry lists

himself and defendants Church Point Housing Authority, Rayne State Bank, and the Church Point Police Department as residents of Church Point, Louisiana.[1] (*Id.* at pp. 1 – 2). Guidry also names the United States Department of Housing and Urban Development ("HUD") and Elvettra Gibbs, listing these defendants as residents of New Orleans, Louisiana. (*Id.* at p. 2).

Guidry's Complaint fails to specify a jurisdictional basis and similarly fails to allege any facts in support of diversity or federal question jurisdiction. (*Id.* at p. 3). Guidry does not provide a statement of his claims, nor does he specify the relief requested. (*Id.* at p. 4). On December 16, 2022, Guidry filed what is deemed to be additional exhibits to his Complaint, which provide some insight into the nature of Guidry's claims. (Rec. Doc. 3). It appears to this Court that Guidry's suit arises primarily from his eviction by the Church Point Housing Authority ("Authority") on or about June 8, 2018. (*Id.* at p. 17). Guidry alleges discrimination by the Authority and HUD. (*Id.* at p. 1). Guidry also appears to assert unrelated claims against Rayne State Bank ("Bank") related to his April 10, 2014 deposit of a check in the amount of $20,929.16, drawn on the Hilliard-Henry Qualified Settlement Fund. (*Id.* at p. 18). Guidry seems to claim that those funds were not deposited into his account, constituting "theft, forgery & bank fraud." (*Id.* at p. 2). Finally, Guidry appears to allege he was wrongfully arrested by Dale Thibodeaux of the Church Point Police Department ("Church Point PD"). (*Id.* at p. 2).

---

[1] Although Guidry names three individual defendants in conjunction with each defendant entity at p. 2 of the Complaint, he clarifies at Rec. Doc. 1-1 that he is the sole plaintiff and names the Church Point Housing Authority, Rayne State Bank and the Church Point Police Department as defendants.

The instant motions by the Bank, Authority and Church Point PD seek dismissal on a variety of bases. We address each motion in turn.

## **Applicable Standard(s)**

"Federal courts are courts of limited jurisdiction. Absent jurisdiction conferred by statute, district courts lack power to consider claims." *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). *See also*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Federal courts have subject-matter jurisdiction only over civil actions presenting a federal question (pursuant to 28 U.S.C. § 1331) and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states (pursuant to 28 U.S.C. § 1332). A suit is presumed to lie beyond the scope of federal-court jurisdiction until the party invoking federal-court jurisdiction establishes otherwise. *Kokkonen*, 511 U.S. at 377; *Howery v. Allstate*, 243 F.3d at 916.

In *Ramming v. U.S.*, 281 F.3d 158 (5th Cir. 2001), the Fifth Circuit succinctly described the appropriate procedure for considering multiple Rule 12(b) motions, such as are presented here.

> Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996).

3

> The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States,* 899 F.Supp. 305, 307 (E.D. Tex. 1995). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980).
>
> When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (*per curiam*). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.* The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id.*
>
> In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998).

281 F.3d at 161.

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated*

4

*Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atl.*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand*

5

*v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl.*, 127 U.S. at 556). *See also In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

## Analysis

Guidry filed this suit as a *pro se* litigant. (Rec. Doc. 1). Accordingly, this Court undertakes its analysis of Defendants' pending motions construing Guidry's Complaint, exhibits thereto and responsive briefs "broadly." While *pro se* litigants are required to adhere to the Federal Rules of Civil Procedure, courts do not impose the same exacting standards upon *pro se* filings as would be applied to parties represented by counsel. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Smith v. Lonestar Constr., Inc.*, 452 F. App'x. 475, 476 (5th Cir. 2011).

### *Federal Subject Matter Jurisdiction*

A review of Guidry's *pro se* filings indicates no basis for diversity jurisdiction under 28 U.S.C. § 1331 since Guidry and all defendants are citizens of the State of Louisiana and the amount in controversy appears not to exceed the jurisdictional threshold of $75,000. (Rec. Docs. 1, 3).

Guidry appears to assert claims against the Authority for discriminatory eviction under 42 U.S.C. § 1982 and the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.* Guidry's claims against the Bank appear to arise under Louisiana law, alleging forgery, fraud, and theft of the proceeds of a check deposited on or about April 10, 2014. (Rec. Doc. 3 at p. 2). Although, based on his claims against the Housing Authority, Guidry's Complaint may fairly be read to assert claims invoking federal question jurisdiction under 28 U.S.C. 1332, Guidry alleges no facts which would indicate federal claims against the Bank or claims as to which federal supplemental jurisdiction might apply. 28 U.S.C. § 1367.

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of

6

> the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). This Court finds no relationship between Guidry's claims under § 1982 and the FHA and his Louisiana law claims for forgery, fraud, and theft. These two incidents appear to have occurred years apart and do not involve the same parties or alleged wrongful conduct. (Rec. Docs. 1, 3). Based on the foregoing, this Court will recommend that the Bank's motion to dismiss for lack of subject matter jurisdiction be granted and all claims by Guidry against the Bank be dismissed without prejudice.

Guidry's Complaint also appears to include claims against the Church Point PD. (Rec. Doc. 3 at pp. 11 – 12). Guidry cites two instances of interaction with the Church Point PD: (1) a conversation with officers in March of 2018 during which Guidry was warned to refrain from his attempts to contact his neighbor, with whom he had ongoing disputes, resulting in his eventual arrest on a bench warrant for criminal trespass "several weeks later," and (2) his May 22, 2018 arrest for making a false police report. (Rec. Doc. 3 at pp. 23, 29 – 31). The undersigned gathers from Guidry's correspondence with HUD personnel that an altercation between Guidry and his neighbor led to the issuance of the bench warrant and Guidry's eventual arrest. (*Id.*). Guidry appears to allege his June 2018 eviction was based, at least in part, on that arrest. (*Id.* at pp. 30 – 31). Guidry's claims against Church Point PD fairly implicate § 1983 and Louisiana tort law, La. Civ. C. Art. 2315; specifically, wrongful arrest or imprisonment. *Bradley v. Sheriff's Dep't. St. Landry Parish*, 958 F.3d 387, 389 – 90 (5th Cir. 2020) (claims for wrongful arrest or detention under § 1983 also subject to Louisiana's tort law).

Unlike Guidry's claims against the Bank, Guidry's claims against the Church Point PD appear to form part of the same case or controversy as his wrongful eviction and discrimination claims against the Housing Authority. Accordingly, to the extent that the

7

Court possesses federal subject matter jurisdiction over Guidry's claims against the Authority, it would appear that the Court may exercise supplemental jurisdiction over Guidry's state law claims against the Church Point PD.

### *Sufficiency of Claims Under Fed. R. Civ. P. 12(b)(6)*

Reading Guidry's *pro se* Complaint and its exhibits broadly, this Court will assume for these purposes that Guidry intended to state claims against the Authority and HUD for race discrimination arising from his 2018 eviction.[2] 42 U.S.C. § 1982 provides

> [a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

Federal civil rights claims, including those brought pursuant to § 1982, are subject to Louisiana's one year liberative prescriptive period. La. Civ. C. Art. 3536; *Davis v. Louisiana State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989) (citing *Elzy v. Roberson*, 876 F.2d 412 (5th Cir. 1989).

The Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, makes it unlawful "[t]o refuse to sell or rent after making a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). Claims under the FHA must be brought "not later than 2 years after the occurrence or the termination of an allegedly discriminatory housing practice, or the breach of the conciliation agreement entered into under this subchapter, whichever occurs last." 42 U.S.C. § 3616(a)(1)(A).

---

[2] Copies of correspondence filed as exhibits to his Complaint indicate Guidry alleges he is a black male and is disabled. Guidry's allegations do not allege discrimination on the basis of disability, but merely ask that he be permitted to resume subsidized tenancy "being that [he is] disabled." Instead, Guidry details alleged violations of lease agreements by neighbors which he claims received a more lenient response because those tenants were white, and he is black. Rec. Doc. 3 at pp. 29 – 33).

8

Taking Guidry's eviction allegations as true for these purposes, any claims under 42 U.S.C. § 1982 and the FHA are prescribed since the alleged eviction occurred in 2018. Applying the foregoing law, Guidry had until April of 2019 to file his § 1982 claims and until April of 2020 to file his FHA claims. Guidry filed the instant suit on December 9, 2022 and, therefore, all claims under § 1982 and the FHA are now prescribed and subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). Accordingly, this Court will recommend the motion to dismiss filed by the Authority be granted pursuant to Fed. R. Civ. P. 12(b)(6) and all claims by Guidry against the Authority dismissed with prejudice.

Church Point PD seeks dismissal, in part, on its lack of capacity to be sued under Louisiana law. (Rec. Doc. 11 at pp. 6 – 7). Federal Rule of Civil Procedure 17(b) explains that "[c]apacity to sue or be sued shall be determined…by the law of the state in which the court is located." Only "juridical persons" possess the capacity to be sued under Louisiana law. La. Civ. C. Art. 24. A juridical person is an "entity to which the law attributes personality, such as a corporation or partnership." *Id.*

In *Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So. 2d 341 (La. 1994), the Louisiana Supreme Court instructed that

> The determination that must be made in each case is whether the entity can appropriately be regarded as an additional or separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.

*Id.* at 346 – 47.

Church Point PD offers no evidence by which this Court might conduct a *Roberts* analysis. Insofar as Church Point PD's motion asserts that no municipal police department may be considered a juridical person under Louisiana law, this Court would disagree based

9

on *Roberts* and its progeny.[3]  For this reason, this Court will not recommend dismissal based on lack of capacity.

Guidry's claims against Church Point PD appear to be for false arrest or imprisonment, which fairly implicates 42 U.S.C. § 1983 and Louisiana tort law.  Section 1983 creates a private right of action to redress for violations of federal rights by state actors.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979) (internal quotations omitted).  Claims under Section 1983 are subject to the forum state's personal injury limitations period, which in Louisiana is one year.  La. Civ. C. Art. 3492; *Smith v. Regional Transit Authority*, 827 F.3d 412, 421 (5th Cir. 2016) (quoting *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).  Where, as here, plaintiff's § 1983 claim regards false arrest by a municipal police department, plaintiff must allege and show a lack of probable cause for the arrest at issue.  *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001).

This Court does not reach the sufficiency of Guidry's factual allegations in support of his false arrest claims because of the overarching issue of prescription.  The arrests mentioned in Guidry's Complaint and supporting exhibits occurred in 2018.  (Rec. Doc. 3 at pp. 29 – 31).  A claim for false arrest accrues "at the time the claimant becomes detained pursuant to legal process."  *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Eaglin v. Eunice Police Dept.*, 319 So. 3d 225 (La. 2018).  Accordingly, Guidry's claims for false arrest under § 1983 and Louisiana tort law prescribed in 2019 – approximately 3 years before they were filed in this suit.  For this reason, this Court will recommend that all claims under 42 U.S.C. § 1983 and Louisiana tort law by Guidry against the Church Point PD be dismissed with prejudice as prescribed.

---

[3]     Church Point PD asserts, without more, that "…the Church Point Police Department is not a separate, self-governing legal entity, it lacks the capacity to be sued."  (Rec. Doc. 14-1 at p. 7).

### *Service of Process*

The Housing Authority and Church Point PD also move to dismiss based on a variety of service of process defects. (Rec. Docs. 7, 11). Both defendants claim Guidry failed to serve them with a copy of the Complaint, as required under Federal Rule of Civil Procedure 4(c). Both defendants also claim that Guidry, as a party to this suit, could not serve them personally by mail under Rule 4(c)(2). The Housing Authority also argues that, as a political subdivision of the State of Louisiana, service upon it must be made pursuant to Rule 4(j)(2), which permits service upon the Housing Authority's chief executive officer or by the means provided for service on such defendants under Louisiana law. (Rec. Doc. 11 – 2 at pp. 3 – 4). Guidry denies violating any rules of service. (Rec. Doc. 13 at p. 2).

Considering the prior analysis, this Court need not reach issues of service, but notes that evidence in the record would support a finding of insufficient and improper service warranting dismissal under Rule 12(b)(4) and (5) as alleged by the Housing Authority and Church Point PD. Fed. R. Civ. P. 4(c), (j)(2); La. R.S. 40:384(16) (providing that housing authorities are "political subdivisions" of the State of Louisiana); La. R.S. 13:5107 (providing for proper service of process on any political subdivision of the State of Louisiana); Rec. Doc. 6 (copies of certified mail return receipts as to all Defendants indicating service by certified U.S. Mail of summonses to all Defendants).

### *Amendment and Additional Time to Cure Service of Process Defects*

Although Guidry does not request an opportunity to amend his Complaint, as a *pro se* plaintiff, Guidry might normally be afforded an opportunity to amend. Fed. R. Civ. P. 15(a). In this case, however, the prescription of many of Guidry's claims and lack of subject matter jurisdiction as to others make prospective amendment futile and, accordingly, this Court will not recommend that leave to amend be granted. *Stripling v. Jordan Prod. Co.,*

LLC, 234 F.3d 863, 872 – 73) (citing *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999).

Similarly, this Court will not recommend a grant of additional time in which to perfect service on Defendants due to the findings of prescription and lack of subject matter jurisdiction discussed above.

## Conclusion

For the reasons discussed herein, the Court recommends that the Motion to Dismiss filed by each of the three named defendants in this suit be GRANTED, dismissing Guidry's claims against Rayne State Bank without prejudice for lack of jurisdiction and dismissing Guidry's claims against the Housing Authority of Church Point with prejudice as prescribed. Based on the foregoing, it is further recommended that Guidry's suit be dismissed, and this case be closed, noting the futility of any prospective amendment or further attempts to perfect service.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 27th day of September, 2023.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**